UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:20-cr-00047-gwc-1 |
| RONALD ROY, ) | |
| ) | |

### MOTION FOR RELEASE FROM CUSTODY, TO CANCEL HEARING ON COMPETENCY, AND TO SET MATTER FOR FINAL REVOCATION HEARING

Ronald Roy, by his attorney, moves for an order vacating the detention order and releasing him on conditions (under 18 U.S.C. § 3142 and Rule 32.1(a)(6)) and cancelling the order for competency hearing. He further requests that the Court schedule the matter for a final revocation hearing.

Mr. Roy submits that the long delay in a competency evaluation being scheduled, along with other factors pertaining to the case, constitute new information that has a material bearing on whether there are conditions of release that will reasonably assure his appearance as required and the safety of the community (18 U.S.C. § 3142) and warrant reconsideration and release of Mr. Roy to reside in the community and not in a detention facility pending the final revocation hearing. *United States v. Cos*, 2006 WL 4061168 at *20 (D.N.M. Nov. 15, 2006) ("The Court recognizes that the strength of the evidence on which the Court based its decision to detain Cos may change based on nothing more than the passage of time.").

[1]

**The issue upon which Mr. Roy files this motion**

Mr. Roy has been in custody for more than 5 months since his initial appearance on the supervised release violation petition (doc. 24). (To be sure, some of the custody time has been part of a "time served" sentence within this saga of supervised release violation petitions.) The latest phase of his case took place at a court hearing on April 19, 2022. Docket entry 28 states:

> ORDERED: the final revocation hearing scheduled for today is continued. The court orders the competency evaluation be conducted. The evaluation is to be conducted in Vermont as soon as possible. The court will schedule a further hearing when evaluation has been submitted to the court.

As of July 19, 2022, no competency evaluation has been scheduled. In fact, it appears that all the records that the U.S. Probation Office deems necessary for the evaluation have not yet been obtained. Defense counsel does not suggest that any party is not being diligent in efforts to have the evaluation conducted. However, defense counsel can provide Mr. Roy with no decent answer as to why the process has been so protracted. Further, counsel can offer Mr. Roy no remedy other than the instant request that he be released and allowed to live in the community pending the final revocation hearing. Indeed, a competency evaluation *could occur while Mr. Roy is on release status.*

**Defense counsel's "take" on the competency question**

Defense counsel do not doubt that Mr. Roy is competent to proceed with his revocation case. In fact, defense counsel and other members of the Federal

[2]

Defender Office speak with Mr. Roy regularly and have for several weeks, before and after the Court ordered a competency evaluation. Although Mr. Roy expresses frustration and sadness at being in a jail, without a resolution of his case seemingly on the horizon, he has not shown evidence of being incompetent to proceed with the case.

**Longer (farther back) background**

In the case that resulted in him being on supervised release, Mr. Roy was convicted of distribution of heroin (death resulting) in the District of New Hampshire. He was sentenced on April 23, 2002, in the District of New Hampshire to a 210-month imprisonment term and a five-year term of supervised release. He began supervised release on August 16, 2019. Jurisdiction was later transferred to the District of Vermont on April 7, 2020, by the Court's agreement. Mr. Roy's long prison sentence was apparently based on the fact that a fellow heroin user (using with Mr. Roy) died from heroin ingestion. The death of the other man was tragic and very sad. However, as the presentence report lays out, there was no evidence that the decedent was preyed upon by Mr. Roy or that Mr. Roy knowingly or negligently provided "bad" heroin. Rather, it appears that both men used the heroin together and that the other tragically died. Although Mr. Roy received a below-Guidelines sentence pursuant to motions for a downward departure, he was sentenced well before *United States v. Booker*, 543 U.S. 220 (2005), and the court's ability to craft a sentence was limited. In short, Mr. Roy has already served a very

long imprisonment sentence for the underlying offense.

### The current supervised release violation in the District of Vermont

The current violation alleges that Mr. Roy was discharged from Berkshire Rehabilitation and Skilled Care Center for failing to abide by the facility's rules and regulations. He has been in custody since his arrest on February 3, 2022. Counsel believes that the advisory Guidelines range on the violation is 8-14 months. The advisory Guidelines range is relevant because Mr. Roy has been in custody for more than 5 months and will soon have served more than the low end of the 8-14 month Guidelines range. *United States v. Carmona*, 2021 WL 6642274 at *7 (D.D.C. Aug. 10, 2021) (terminating revocation proceedings because "the likelihood that resolving the issues surrounding Mr. Carmona's competency will significantly prolong the proceedings, and the fact that Mr. Carmona has already been incarcerated longer than he would be on any sentence the Court might impose, taking further action on the alleged violations would serve little purpose."); *United States v. Jones*, 2016 WL 3962776 at *3 (dismissing revocation proceedings because the defendant had already served a term of imprisonment within the guideline range which he could have received had he been competent, it was not appropriate for the defendant to spend additional time in prison to regain competence).

### Where would Mr. Roy live?

Mr. Roy intends to reside at one of several possible places.

1. At the home of his friend, Carol Thompson, in Gorham, New Hampshire.

2. At the home of his brother, Michael Roy, in East Hartford CT.

3. Mr. Roy would be willing to live in a homeless shelter in Burlington, Vermont or Berlin, New Hampshire. (He is originally from Berlin, New Hampshire.)

The defense acknowledges that none of these options appear to be solid or safe at this point.  In fact, defense counsel notes that it cannot state that either Ms. Thompson or Mr. Michael Roy would agree to have Ronald Roy living in their homes. Thus, the default appears to be some sort of a temporary shelter provided by a social services agency.  The defense also notes that it does not have the agreement or consent of Mr. Ronald Roy's guardian, Kelly Eastman, on any of these residence options.  Defense counsel also acknowledges that it appears that Mr. Roy has needed skilled care in an assisted living facility during the pendency of this case. Nonetheless, if release to a homeless shelter or temporary living situation is the only option, Mr. Roy respectfully seeks to have the Court order release there, rather than having him continue to be detained in a correctional facility.

**Why Mr. Roy does not present a "risk of flight"**

Mr. Roy is elderly and infirm; he has neither the desire nor the means to travel to avoid coming back to court.  He simply wants to be outside of the walls of a prison until his supervised release case is resolved.

WHEREFORE, Mr. Roy respectfully requests that the Court grant the motion and order that he be released on conditions, pending the final revocation hearing.

July 22, 2022.                              By:     */s/ Michael L. Desautels*
                                                    Michael L. Desautels
                                                    Federal Public Defender

                                                    Office of the Federal Public Defender
                                                    District of Vermont
                                                    195 Pine Street, Suite 150
                                                    Burlington, VT 05401
                                                    Ph: (802) 862-6990
                                                    E-mail: Michael_Desautels@fd.org
                                                    Counsel for Ronald Roy